IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,　　　　　　　　　　　　　　　　Case No. 3:09CR00407

　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER

Diane M. Lantz,

　　　　Defendant.

Diane Lantz ("Defendant") pled guilty to embezzling over $400,000 from Keybank, her employer. As part of her sentence, I ordered her to pay restitution of $405,612.49. She has moved (Doc. 25) to quash the Writ of Execution against her ERISA qualified 401K plan.

## Discussion

Defendant raises the issue of whether the Mandatory Victim Restitution Act ("MVRA") creates an exception to the anti-alienation requirement of the Employee Retirement Income Security Act ("ERISA") found at 29 U.S.C. §1056(d)(1). She relies heavily on *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990). There, the Supreme Court held that no ERISA contains no general exception to anti-alienation protection and that any exception could only arise from a specific act of Congress. *Id*. at 375-76.

Defendant misplaces her emphasis on the requirement that Congress create an exception for the MVRA. Under the MVRA, restitution orders such as the one at issue may be enforced as "a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. §3613(c). Enforcement of a tax liability provides an existing exception to ERISA anti-alienation protection. *U.S. v. Sawaf*, 74 F.3d 119, 123 (6th Cir. 1996) (quoting Treas. Reg. §1.401(a)-13(b)(2)).

In other words, Congress bypassed the need to create an exception for the MVRA by using an existing exception (tax liability enforcement).  Thus, Defendant's 401K is subject to enforcement of the restitution order.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the defendants' motion to quash writ of execution be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr<br>James G. Carr